JOURNAL ENTRY AND OPINION
Sefton Fernando, defendant-appellant herein, appeals the judgment of the Bedford Municipal Court issued on February 20, 2000 which vacated defendant's prior plea of not guilty, reinstated his earlier plea of no contest plea and the trial court's earlier finding of guilt to the charge of issuing a bad check. On appeal, defendant urges that the trial court erred in reinstating his plea because he is not a United States citizen and he was not advised of his possible deportation. R.C. 2943.031.
The limited record here reveals that on May 12, 1992, defendant entered a plea of no contest to the charge of issuing a bad check, in violation of Cleveland Heights Ordinance 545.09(a). The trial court accepted the plea and sentenced him to a six-month period of incarceration.
Subsequently, defendant applied to become a naturalized citizen. That application was denied due to defendant's prior convictions of crimes involving moral turpitude. Thereafter, in February of 1997, the United States Justice Department ordered defendant to be deported.
It was not until December 1, 1999 that defendant filed a motion with the trial court to vacate his plea and conviction based upon the trial court's failure to inform him that a conviction could result in his deportation. R.C. 29943.031. Defendant alleges, in his brief on appeal, that he filed similar motions to vacate in two unrelated cases, which are still pending. Those motions do not appear in the record.
Following a hearing in the trial court, defendant's motion to vacate was granted on January 10, 2000 and a plea of not guilty was entered in his absence. Trial was set for March 29, 2000 and on that date defendant did not appear. On April 3, 2000, the trial court sua sponte reinstated defendant's no contest plea finding of guilty and sentence.
Defendant appeals and sets forth three assignments of error for review. The city has failed to respond to the assignments of error filed. Since the defendant's second assignment of error is dispositive in this case it will be addressed first.
 II. THERE WAS NO BASIS IN LAW FOR THE TRIAL COURT TO SUA SPONTE REINSTATE APPELLANT'S PLEA.
Defendant urges error by the trial court when it sua sponte reinstated his no contest plea. Thus, the issue under this assignment of error concerns whether the trial court improperly reinstated defendant's no contest plea.
In this case, the trial court held a hearing on its sua sponte motion to vacate defendant's January 10, 2000 plea of not guilty. The record indicates that defendant failed to appear for the scheduled trial date of March 29, 2000 because he had been deported to India. The trial court vacated the entry of January 10, 2000 and reinstated defendant's earlier plea of no contest and the trial court's earlier finding of guilty and sentence.
The sua sponte motion and judgment were filed and issued without notice to defendant as he was absent from the jurisdiction.
Crim.R. 32.1 states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
While there is provision within the rules for a defendant to withdraw one plea and enter another, there is no similar provision for a judge to sua sponte withdraw a defendant's plea and enter another. Crim.R. 32.1. There is nothing within the record of this case that supports the trial court's sua sponte motion and reinstatement of defendant's former plea. Therefore, the second assignment of error is sustained, and the judgment of the trial court is reversed.
 I. THE ACTION OF THE TRIAL COURT WAS CONTRARY TO ORC 2943.031(A), WHICH MANDATES THAT THIS APPELLANT HAVE (SIC) BEEN ALLOWED TO VACATE HIS PLEA.
 III. THE TRIAL COURT'S ACTION OF SUA SPONTE REINSTATING APPELLANT'S PLEA WAS IN VIOLATION OF THE U.S. CONSTITUTION.
Because the second assignment of error resolves this matter on appeal, this court does not reach the merits of the remaining assignments. See, App.R. 12(A)(1)(c).
It is, therefore, considered that said appellant recover of appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and KENNETH A. ROCCO, J., CONCUR.